UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAPHNEE HINES,

    Plaintiff,

v.                                Case No:      8:15-cv-849-T-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

**OPINION AND ORDER**

Plaintiff, Daphnee[1] Hines, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number) and the parties filed legal memoranda in support of their positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to 42 U.S.C. § 405(g).

    **I. Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

        **A. Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The

---

[1] The Court notes that Plaintiff's first name is also spelled "Daphine" in her Memorandum of Law.

impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't. of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001); *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. §§ 1520(a)(4)(iv), 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d

1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d at 1278 n.2.

**C. Procedural History**

Plaintiff filed an application for a period of disability and DIB on August 30, 2012. (Tr. 207-13). Plaintiff filed an application for SSI on September 10, 2012. (Tr. 214-20). In both applications Plaintiff alleged disability beginning April 29, 2011. (Tr. 207, 214). Plaintiff's applications were denied initially on October 26, 2012, and upon reconsideration on December 17, 2012. (Tr. 125, 130, 140, 147). Plaintiff requested a hearing and, on April 29, 2014, a hearing was held before Administrative Law Judge Glenn H. Watkins (the "ALJ"). (Tr. 36-60). On June 25, 2014, the ALJ entered an unfavorable decision. (Tr. 21-35). Plaintiff requested review of the ALJ's decision and the Appeals Council denied review on March 13, 2015. (Tr. 1-6). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on April 8, 2015.

**D. Summary of the ALJ's Decision**

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 29, 2011, the alleged onset date. (Tr. 23). At step two, the ALJ found that Plaintiff has the following severe impairments: multiple sclerosis ("MS"), bursitis of the left knee, impingement syndrome of the left elbow, neuropathy, degenerative disc disease, osteoarthritis, and obesity. (Tr. 23). At step three, the ALJ determined that Plaintiff did not have

an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 25).

Before proceeding to step four, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) including the ability to lift and/or carry 20 pounds occasionally, 10 pounds frequently, and stand and/or walk 6 hours and sit 6 hours in an 8-hour workday with normal breaks. Furthermore, she can only occasionally perform each of the postural limitations, including climbing ladders, ropes, or scaffolds; climbing ramps or stairs; balancing; stooping; kneeling; crouching; and crawling. Finally, with her left upper extremity, she can only occasionally reach in front and/or laterally including overhead.

(Tr. 25-26). At step four, the ALJ found that Plaintiff is unable to perform her past relevant work as a house keeping supervisor. (Tr. 28). At step five, the ALJ relied on the testimony of a VE and found that given Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that she can perform, specifically such occupations as "telephonic component of survey work," "usher/ticket taking," and "production inspection such as final inspector." (Tr. 29). The ALJ concluded that Plaintiff was not under a disability from April 29, 2011, the alleged onset date, through the date of the ALJ's decision, June 25, 2014. (Tr. 30).

## II. Analysis

On appeal, Plaintiff raises a single issue, whether the "Appeals Council erred by failing to find that new evidence submitted to it shortly after the Administrative Law Judge's decision was both material and warranted a remand to the Administrative Law Judge for consideration of the new evidence." (Doc. 24 p. 5). Plaintiff contends that if the ALJ had considered the evidence submitted to the Appeals Council (i.e., records from Plaintiff's hospitalization a month after the

ALJ's decision dated June 25, 2014, and Plaintiff's treatment records January 4, 2015) there is a reasonable possibility that the ALJ would have found Plaintiff's complaints credible. (Doc. 24 p. 6).[2]

In response, Defendant notes that Plaintiff does not contend that the evidence before the ALJ did not provide substantial evidence to support the ALJ's RFC finding and that Plaintiff has failed to show that the evidence submitted to the Appeals Council proves Plaintiff had greater limitations than found by the ALJ. (Doc. 26 p. 5, 6).

A claimant is generally permitted to present new evidence at each stage of his administrative process. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1261 (11th Cir. 2007). Evidence submitted for the first time to the Appeals Counsel is determined under a Sentence Four analysis. *Id*. "The Appeals Council must consider new, material evidence, and chronologically relevant evidence and must review the case if 'the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.'" *Id*. (citing 20 C.F.R. §§ 404.970(b)). New evidence is considered material and thereby warranting a remand if "'there is a reasonable possibility that the new evidence would change the administrative outcome.'" *Flowers v. Comm'r of Soc. Sec.*, 441 F. App'x 735, 745 (11th Cir. 2011) (citing *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987). Evidence is chronologically relevant if it relates to the period on or

---

[2] Plaintiff states that her treatment records from January 4, 2015, were submitted to the Appeals Council but are not contained in the certified Transcript. Plaintiff provides that these missing documents are contained in Exhibit A to Plaintiff's memorandum (Doc. 25-1). The Court notes that despite Plaintiff's claim, every document contained in Exhibit A to Plaintiff's Memorandum is included in the certified Transcript. *See* (Tr. 486-501). In addition, the Court notes that the documents contained in Plaintiff's Exhibit A relate to Plaintiff's hospitalization in August 2014, and not to Plaintiff's treatment notes from January 4, 2015, as Plaintiff claims. In any event, no matter the mix-up, the record does contain Plaintiff's treatment notes from January 4, 2015, contrary to Plaintiff's representation. *See* (Tr. 8-13, 503).

before the date of the ALJ's decision. *See Keeton v. Dep't of Health and Human Serv.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In this case, Plaintiff has failed to show that there is a reasonable possibility that the new evidence would change the administrative outcome. In her memorandum of law, Plaintiff provides no analysis as to how the newly submitted evidence would alter the ALJ's findings. Instead, Plaintiff merely asserts the conclusory claim that if the ALJ had the new evidence there is a reasonable possibility the new evidence would change the ALJ's finding that Plaintiff was not entirely credible. The Court does not find this cursory argument persuasive. While the evidence submitted to the Appeals Council shows that Plaintiff was hospitalized at Brandon Regional Hospital in August 2014 for three days due to complaints of generalized weakness, headache, and right lower extremity numbness that was present for a few days (Tr. 500), Plaintiff's discharge order noted that Plaintiff's home medications were "reconciled," that she "improved clinically," and that her "[s]ymptoms resolved." (Tr. 491). Plaintiff has failed to show that the Appeals Council evidence from August 2014 proved that she had additional or disabling limitations on or before the ALJ's decision.

Likewise, Plaintiff has failed to show that there is a reasonable possibility that the treatment notes from January 4, 2015, would have changed the administrative outcome. According to Plaintiff, these records document similar symptoms and complaints as Plaintiff related when hospitalized in August 2014. Again, Plaintiff failed to show in any way how these records would reasonably alter the administrative outcome.

Because Plaintiff has failed to show that the evidence submitted to the Appeals Council was material and that there is a reasonable possibility that they could have changed the

administrative outcome, the Court finds no error in the Appeals Council's decision to deny review of the ALJ's decision.

### III.  Conclusion

The decision of the Commissioner is **AFFIRMED**.  The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on September 19, 2016.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties